UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MORGAN RATLEY**                                                                 **CIVIL ACTION**

**VERSUS**                                                                                    **NO. 21-2356**

**CRAIG WEBRE, ET AL.**                                                       **SECTION: "H"(5)**

### REPORT AND RECOMMENDATION

On December 21, 2021, Morgan Ratley, a state prisoner, filed this federal civil action pursuant to 42 U.S.C. § 1983.  He sues Craig Webre, Cantrell Davis, and Karla Beck, all employees of the Lafourche Parish Correctional Complex.  In this lawsuit, Plaintiff alleges that attorney-client visitation booths at the prison are not soundproof, and, as such, they allow violations of the attorney-client privilege because the employees of the prison can hear the conversations between the inmate and his attorney.

After Defendants filed an answer (rec. doc. 10), Plaintiff filed a notice which the Court construed as a motion for voluntary dismissal.  (Rec. doc. 14).   Defendants were ordered to respond to that motion by December 19, 2022.  (Rec. doc. 15).  Defendants filed no response.

The Federal Rules of Civil Procedure provide:

**(a) Voluntary Dismissal.**

   *(1) By the Plaintiff.*

   **(A)** Without a Court Order.  Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

   **(i)** a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

   **(ii)** a stipulation of dismissal signed by all parties who have appeared.

>> **(B)** *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.
>
> **(2)** *By Court Order; Effect.* Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a).

Because Defendants filed an answer, Plaintiff no longer has an absolute right to dismiss his claims against them. *See Exxon Corp. v. Maryland Cas. Co.*, 599 F.2d 659, 661 (5th Cir. 1979) ("A unilateral motion to dismiss an action is permissible only before the defendant has filed an answer or a motion for summary judgment. The theory underlying this limitation is that, after the defendant has become actively engaged in the defense of a suit, he is entitled to have the case adjudicated and it cannot, therefore, be terminated without either his consent, permission of the court, or a dismissal with prejudice that assures him against the renewal of hostilities."). However, as noted, Defendants filed no response or opposition to the motion. Considering the foregoing lack of response or opposition, Plaintiff should be permitted to voluntarily dismiss this civil action.

## **RECOMMENDATION**

For the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiff's Notice of Voluntary Dismissal (rec. doc. 14) be **GRANTED** and that all of Plaintiff's claims against all Defendants be **DISMISSED WITHOUT PREJUDICE**.

**NOTICE OF RIGHT TO OBJECT**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this  20th  day of          December         , 2022.

_____
MICHAEL B. NORTH
UNITED STATES MAGISTRATE JUDGE

3